IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GOODE-COOK, INC., | § | |
| | § | |
| Plaintiff, | § | CAUSE NO. 4:24-CV-02850 |
| | § | |
| v. | § | |
| | § | JURY TRIAL |
| | § | |
| PANTHIA C. GOODE, PANTHIA C. GOODE D/B/A GOODE EATS SOUTHERN CUISINE, CECIL TOWNSEND AND CECIL TOWNSEND D/B/A GOODE EATS SOUTHERN CUISINE. | § § § § § § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

The Plaintiff, Goode-Cook, Inc. ("Goode Co."), through its undersigned counsel, hereby complains of Panthia C. Goode, Panthia C. Goode d/b/a Goode Eats Southern Cuisine, Cecil Townsend, and Cecil Townsend d/b/a Goode Eats Southern Cuisine (collectively the "Defendants"), and for its Complaint alleges as follows:

**THE PARTIES**

1. Goode Co. is a corporation organized and existing under the laws of the State of Texas.

2. Panthia C. Goode is an individual residing in Harris County, Texas at 5611 Mason Oaks, Houston, Texas 77085. Panthia C. Goode is an owner of the unincorporated business: Goode Eats Southern Cuisine. Ms. Goode is doing business as Goode Eats Southern Cuisine, and the principal place of business for Goode Eats Southern Cuisine is 10920 Almeda Road, Suite 600,

1

Houston, Texas 77045.

3. Cecil Townsend is an individual residing in Harris County, Texas at 5611 Mason Oaks, Houston, Texas 77085. Cecil Townsend is an owner of the unincorporated business: Goode Eats Southern Cuisine. Mr. Townsend is doing business as Goode Eats Southern Cuisine, and the principal place of business for Goode Eats Southern Cuisine is 10920 Almeda Road, Suite 600, Houston, Texas 77045.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to the Lanham Act, 15 U.S.C. § 1051 et seq., and 28 U.S.C. §§ 1331, 1338(a). The Court also has supplemental jurisdiction over Goode Co.'s state law claims under 28 U.S.C. §§ 1338 and 1367.

5. The Court has general and specific personal jurisdiction over the Defendants because they reside in Harris County, Texas and conduct and solicit business in Texas through their unincorporated business, Goode Eats Southern Cuisine.

6. Venue is proper in this district under 28 U.S.C. § 1391(b), (c), and (d).

## BACKGROUND FACTS

**Goode Co. and Its Rights in the Goode Co. Marks**

7. Since 1977, Goode Co. has used the trade name and trademark GOODE CO. in connection with its well-known restaurant services. Goode Co.'s use of the GOODE CO. name and mark has been extensive, exclusive, and continuous.

8. Goode Co. has successfully expanded its GOODE CO. brand to include multiple locations in the metro Houston area and a line of concept restaurants offering different cuisines, including Goode Co.® BBQ, Goode Co.® Seafood, Goode Co. Fish Camp®, Goode Co.® Taqueria, Goode Co.® Kitchen & Cantina, and Goode Co.® Armadillo Palace. Goode Co. also owns a

2

successful catering business that operates under the name Goode Co.® Catering.

9. Goode Co. owns the following U.S. trademark registrations for its GOODE CO. marks, the certificates for which are attached hereto as Exhibit A:

| Reg. No. | Mark or Design | Services |
|---|---|---|
| 1,548,714 | GOODE COMPANY | *restaurant services* |
| 3,014,707 | Goode Co. RESTAURANTS | *restaurant services* |
| 4,725,461 | GOODE CO. | *restaurant and catering services* |
| 7,237,592 | GOODE COMPANY FISH CAMP | *restaurant and bar services, including restaurant carryout services* |
| 7,237,593 | Goode Co. FISH CAMP | *restaurant and bar services, including restaurant carryout services* |

10. Goode Co. also owns U.S. Trademark Application Serial No. 98/456,096 for the mark GOODE CO. STANDARDS & SPIRITS which will be used in connection with "bar services; restaurant services" (collectively with the marks cited in ¶ 8, *above*, the "Goode Co. Marks").

11. Pursuant to 15 U.S.C. §§ 1057(b) and 1072, Goode Co.'s trademark registrations constitute constructive notice to Defendants of Goode Co.'s ownership of the registered Goode Co. Marks. These registrations are valid, subsisting, and owned by Goode Co.

12. Furthermore, the following registrations are incontestable and provide conclusive evidence of the validity of, and Goode Co.'s exclusive right to use the following marks in commerce as provided by 15 U.S.C. §§ 1065 and 1115(b):  Reg. No. 1,548,714 (GOODE

3

COMPANY); Reg. No. 3,014,707 (GOODE CO. RESTAURANTS and design); and Reg. No. 4,725,461 (GOODE CO.).

13. The Goode Co. Marks are indicators of Goode Co. as the origin of its high-quality restaurant, catering, and related services and of the extensive goodwill and consumer recognition built up by Goode Co. by investing substantial amounts of time and effort in advertising and promotion.

14. As a results of such investment, the Goode Co. Marks are highly recognizable by consumers throughout the United States and particularly in the Houston metro area.

**Defendants' Infringement**

15. Sometime around February 2024, Goode Co. became aware that the Defendants had opened and were operating a restaurant in the Houston metro area under the trade name and trademark GOODE EATS SOUTHERN CUISINE (the "Infringing Mark"). On information and belief, Defendants also provide catering services under the Infringing Mark.

16. Defendants' restaurant is located within five miles of the following Goode Co. restaurant locations: Goode Co.® Seafood; Goode Co.® Taqueria; Goode Co.® BBQ; and Goode Co.® Catering. Goode Co.'s other restaurant locations are all within 10-25 miles of the Defendants' restaurant.

17. Defendants provide restaurant and catering services under the Infringing Mark identical to the restaurant and catering services Goode Co. provides under the Goode Co. Marks.

18. The dominant portion of the Infringing Mark is GOODE, which is identical to the dominant portion of the Goode Co. Marks.

19. The Infringing Mark is highly similar to the naming convention that Goode Co. uses for its concept restaurants: GOODE followed by a type of cuisine.

20.    As a result of these similarities, Goode Co. became concerned that the Infringing Mark is likely to cause, and may have already caused, consumer confusion. In particular, Goode Co. became concerned that, as a result of the similarity with Goode Co.'s naming conventions, customers are likely to mistakenly assume that the Defendants' restaurant is a concept restaurant owned and operated by Goode Co. focusing on Southern cuisine.

21.    As an example of likely consumer confusion, a search on Google Maps for "Goode Co. restaurants" (shown below) returns Defendants' restaurant as well as Goode Co.'s actual restaurant locations:



Thus, consumers using Google Maps to search for a Goode Co. restaurant are likely to mistakenly believe that Defendants' restaurant is owned or operated by, or somehow otherwise affiliated with or related to, Goode Co.

22.    Due to its concerns about likely consumer confusion, Goode Co., through its counsel, delivered a letter to the Defendants demanding that the Defendants cease use of the Infringing Mark due to a likelihood that consumers would be confused by such use.

23.    Defendants have refused to cease using the Infringing Mark and have continued to use the Infringing Mark in connection with its restaurant and catering services.

24. Defendants are not in any way affiliated or associated with Goode Co. or the Goode Co. Marks and Goode Co. did not license or otherwise give permission to the Defendants to use the Goode Co. Marks in connection with Defendants' restaurant services.

25. Defendants' use of the Infringing Mark has caused and will continue to cause confusion and deception in the marketplace and among members of the general public.

26. Defendants' foregoing activities have damaged, or are likely to damage, the reputation and goodwill associated with Goode Co., the GOODE CO. brand, the Goode Co. Marks, and Goode Co.'s restaurant and related services.

## FIRST CAUSE OF ACTION
## TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

27. The allegations set forth above are incorporated herein by this reference.

28. Defendants' unauthorized use of the Infringing Mark is likely to cause confusion or to cause mistake, or to deceive customers and the public as to the source or sponsorship of Defendants' services. Consumers are likely to be confused or misled into believing that the Defendants' services are associated or affiliated with, sponsored or endorsed by, or in some other way connected with Goode Co.

29. Defendants' conduct infringes Goode Co.'s federally registered Goode Co. Marks in violation of Section 32(1) of the Trademark Act of 1946, 15 U.S.C. § 1114(1).

30. As a direct and proximate result of Defendants' conduct in violation of 15 U.S.C. § 1114(1), Goode Co. has suffered both actual and irreparable injury for which no adequate remedy exists at law.

31. Defendants have knowledge and notice of the Goode Co. Marks as well as Defendants' infringement of the Goode Co. Marks and, therefore, by committing the acts alleged herein, Defendants have intentionally, knowingly, and willfully infringed the Goode Co. Marks.

32. Defendants' acts have damaged and will continue to damage Goode Co. Goode Co. has no adequate remedy at law because injury to its goodwill, brand, reputation, and business interests, as well as confusion and deception among consumers, is difficult and sometimes impossible to quantify, and such injury cannot be fully compensated by a monetary amount. Accordingly, to prevent the on-going and future violation of Goode Co.'s rights in and to its Goode Co. Marks, Goode Co. is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

## SECOND CAUSE OF ACTION
## UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)

33. The allegations set forth above are incorporated herein by this reference.

34. Defendants' actions, as described herein, constitute unfair competition, including in the form of false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Goode Co. or as to the origin, sponsorship, or approval of Defendants' products, services, or commercial activities, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Defendants, without authorization from Goode Co., have used and continue to use the Infringing Mark, which is confusingly similar to the Goode Co. Marks and to unfairly benefit from the valuable goodwill symbolized thereby.

35. The foregoing acts of Defendants are intended to cause, and are likely to cause, confusion, mistake, and deception among consumers, the public, and the trade, including as to whether Defendants' products and services originate from, or are affiliated with, sponsored by, or endorsed by Goode Co.

36. Defendants' conduct constitutes false designation of origin in violation of 15 U.S.C. § 1125(a), and has already irreparably damaged Goode Co. and will, unless restrained, continue to

so damage Goode Co. and its goodwill, for all of which there is no adequate remedy at law.

37. Defendants have made and will continue to make profits and/or gains to which they are not in law or equity entitled due to Defendants' violation of Goode Co.'s rights.

38. Upon information and belief, Defendants intend to continue their infringing acts, unless enjoined by this Court.

39. As a direct and proximate result of Defendants' actions, Goode Co. has suffered and will continue to suffer irreparable harm to its goodwill, brand, reputation, and business interests.

40. Defendants' acts have damaged and will continue to damage Goode Co.. Goode Co. has no adequate remedy at law because injury to its goodwill, brand, reputation, and business interests, as well as confusion and deception among consumers, are difficult and sometimes impossible to quantify, and such injury cannot be fully compensated by a monetary amount. For these and other reasons, Goode Co. is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

**THIRD CAUSE OF ACTION**
**COMMON LAW TRADEMARK INFRINGEMENT**

41. The allegations set forth above are incorporated herein by this reference.

42. Goode Co. owns all rights, title, and interest in and to the Goode Co. Marks, including all common law rights in such marks.

43. Defendants' actions, as described herein, constitute common law trademark infringement in the State of Texas.

44. Defendants' unauthorized and wrongful use in commerce of marks confusingly similar to the Goode Co. Marks is likely to cause mistake or deception as to (i) affiliation, connection, or association of Defendants and its products and services with Goode Co. and its products or services; (ii) the origin, sponsorship, or approval of Defendants' products and services

by Goode Co.; or suggest or signal (iii) that there is an association, affiliation or connection between Defendants' products and services and Goode Co..

45. Upon information and belief, Defendants' actions are with the knowledge of the Goode Co. Marks and with the intent to cause confusion and/or to trade on Goode Co.'s reputation and goodwill.

46. Upon information and belief, Defendants have made and will continue to make profits and/or gains to which it is not in law or equity entitled due to Defendants' violation of Goode Co.'s rights.

47. As a direct and proximate result of Defendants' actions, Goode Co. has suffered actual damages, an award of which should include an award of Defendants' profits for its use of marks that are confusingly similar to the Goode Co. Marks.

48. Upon information and belief, Defendants intends to continue its infringing acts, unless restrained by this Court.

49. As a direct and proximate result of Defendants' actions, Goode Co. has suffered and will continue to suffer irreparable harm to its goodwill, brand, reputation, and business interests.

50. Goode Co. has no adequate remedy at law because injury to its goodwill, brand, reputation, and business interests, as well as confusion and deception among consumers, is difficult and sometimes impossible quantify, and such injury cannot be fully compensated by a monetary amount. Unless Defendants are permanently enjoined, Goode Co. will continue to suffer irreparable harm.

51. Upon information and belief, Defendants' actions at all times relevant to this action have and continue to be knowing, intentional, wanton, willful, malicious, in bad faith, and

oppressive, and based on information and belief, have resulted from fraud, malice, and/or gross negligence and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized by the Goode Co. Marks. Accordingly, Goode Co. is entitled to recovery all damages, actual and punitive, its costs, and its attorneys' fees as permitted by Texas law.

## FOURTH CAUSE OF ACTION
## COMMON LAW UNFAIR COMPETITION

52. The allegations set forth above are incorporated herein by this reference.

53. The Infringing Mark is confusingly similar to the Goode Co. Marks and the Goode Co. trade name.

54. Defendants' activities, as described herein, constitute unfair competition under Texas common law because they are likely to cause mistake or deception as to (i) affiliation, connection, or association of Defendants and its products and services with Goode Co. and its products or services; (ii) the origin, sponsorship, or approval of Defendants' products and services by Goode Co.; or suggest or signal (iii) that there is an association, affiliation or connection between Defendants' products and services and Goode Co..

55. Upon information and belief, Defendants' actions are with the knowledge of the Goode Co. Marks and with the intent to cause confusion and/or trade on Goode Co.'s reputation and goodwill.

56. Upon information and belief, Defendants have made and will continue to make profits and/or gains to which it is not in law or equity entitled due to Defendants' violation of Goode Co.'s rights.

57. As a direct and proximate result of Defendants' actions, Goode Co. has suffered actual damages, an award of which should include an award of Defendants' profits for its use of

marks that are confusingly similar to the Goode Co. Marks.

58. Defendants intend to continue its acts in violation of Goode Co.'s rights unless restrained by this Court.

59. As a direct and proximate result of Defendants' actions, Goode Co. has suffered and will continue to suffer irreparable harm to its goodwill, brand, reputation, and business interests.

60. Goode Co. has no adequate remedy at law because injury to its goodwill, brand, reputation, and business interests, as well as confusion and deception among consumers, is difficult and sometimes impossible to quantify, and such injury cannot be fully compensated by a monetary amount. Unless Defendants are permanently enjoined, Goode Co. will continue to suffer irreparable harm.

61. Upon information and belief, Defendants' actions at all times relevant to this action have and continue to be knowing, intentional, wanton, willful, malicious, in bad faith, and oppressive, and based on information and belief, have resulted from fraud, malice, and/or gross negligence and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized by the Goode Co. Marks. Accordingly, Goode Co. is entitled to recovery all damages, actual and punitive, its costs, and its attorneys' fees as permitted by Texas law.

**FIFTH CAUSE OF ACTION**
**TEXAS ANTI-DILUTION STATUTE**

62. The allegations set forth above are incorporated herein by this reference.

63. The Goode Co. Marks have been in use for many years and have achieved widespread public recognition in Texas. Through prominent, long, and continuous use in commerce in Texas, the Goode Co. Marks have become famous and distinctive throughout Texas.

11

64. Defendants' use of the Infringing Mark began after the Goode Co. Marks became famous and distinctive.

65. Defendants' use of the Infringing Mark, without authorization from Goode. Co, is likely to dilute the distinctive quality of the Goode Co. Marks and decrease the capacity of the marks to identify and distinguish Goode Co.'s products and services, and is likely to cause harm to Goode Co.'s business reputation. The Defendants' aforesaid acts constitute trademark dilution in violation of the Texas Anti-Dilution Statute, TEX. BUS. & COMM. CODE § 16.103.

66. Upon information and belief, Defendants' actions were committed willfully and with the intention of deceiving and misleading the public and causing harm to Goode Co.

67. As a direct and proximate result of the Defendants' acts, Goode Co. has suffered and will continue to suffer damages in an amount not presently ascertainable, but will be established at trial.

68. Unless enjoined by this Court, the acts of Defendants will cause Goode Co. to suffer ongoing irreparable harm for which there is no adequate remedy at law.

## INJUNCTIVE RELIEF

69. Plaintiff seeks preliminary and permanent injunctive relief. Defendants' actions jeopardize Goode Co.'s substantial reputation and goodwill, and, if allowed to proceed, will continue to jeopardize the reputation and goodwill of Goode Co., including in its valuable trademarks. Such acts have caused, are causing and will continue to cause, irreparable harm to Goode Co. Goode Co. lacks control over the quality and cost of the Defendants' goods and services and this lack of control constitutes immediate and irreparable injury. In addition, the balance of hardships favors granting preliminary relief, and granting preliminary relief will not disserve the public interests, as the public is served when confusion and dilution are avoided,

trademarks are respected, and federal and state laws are enforced.

70. Unless Defendants are restrained by this Court, they will continue to cause irreparable injury to Goode Co. and to the public, for which there is no adequate remedy at law. Goode Co. seeks a preliminary and permanent injunction against Defendants, their affiliates, and their officers, directors, agents, employees, representatives, successors, assigns, and those in privity or concert with them, from any and all sale, offering for sale, distribution, or advertising of any goods or services in connection with the Infringing Mark, any colorable imitation thereof, or any colorable imitation of the Goode Co. Marks.

## JURY DEMAND

71. Plaintiff requests a trial by jury on all claims.

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Goode Co. prays for entry of judgment against Defendants as follows:

a. finding that Defendants willfully infringed the Goode Co. Marks in violation of federal and Texas common law;

b. finding that Defendants engaged in unfair competition in violation of federal law and Texas common law;

c. finding that Defendants violated the Texas Anti-Dilution Statute;

d. finding that Defendants have been unjustly enriched;

e. preliminarily and permanently enjoining the Defendants, their affiliates, and their officers, directors, agents, employees, representatives, successors, assigns, and those in privity or concert with them, from the unauthorized and wrongful use of marks confusingly similar to the Goode Co. Marks, in commerce in connection with Defendants' products, services, and business;

      f.      awarding Goode Co. all damages caused by the acts of Defendants and all profits of Defendants from acts complained of, and/or all costs to Goode Co. caused by Defendants' activities complained of herein;

      g.      awarding Goode Co. damages in accordance with 15 U.S.C. § 1117 and ordering Defendants to account to and pay to Goode Co. all profits realized by its wrongful acts and also awarding Goode Co. its actual damages;

      h.      trebling the damages and profits awarded to Goode Co. to the extent authorized by 15 U.S.C. § 1117;

      i.      awarding Goode Co. its actual and punitive damages to which it is entitled under applicable federal and state laws;

      j.      granting Goode Co. pre-judgment and post-judgment interest on the damages caused to Goode Co. by reasons of Defendants' unlawful activities complained of herein at the highest rates allowed by law;

      k.      finding that this is an exceptional case and awarding Goode Co. its reasonable and necessary attorneys' fees in accordance with 15 U.S.C. § 1117; and

      l.      awarding Goode Co. all such other and further relief, at law or in equity, as the Court may deem just and proper under the circumstances.

Dated this 31st day of July 2024.

Respectfully Submitted,

MOUERHUSTON PLLC

By: */s/ Allison Miller-Mouer*
    Allison Miller-Mouer
    S. D. Texas No. 560003
    Texas State Bar No. 24043822
    MOUERHUSTON PLLC
    349 Heights Blvd.
    Houston, TX 77007
    Telephone (832) 209-8871
    Facsimile (832) 209-8158
    allison@mouerhuston.com
    *Counsel for Plaintiff*

    and

    Nathan C. Belzer
    Texas State Bar No. 24006827
    S.D. Texas ID No.  23339
    BELZER PC
    2905 Bull St.
    Savannah, GA 31405
    Phone: 912.236.3001
    Fax: 912.236.3003